IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-09-3508 |
| HOME REMEDY SERVICES, LLC, | § § § | |
| Defendant. | § § | |

## ORDER

Pending before the Court is Plaintiff Nautilus Insurance Company's Motion for Summary Judgment (Document No. 16). Having considered the motion, submissions, and applicable law, the Court determines Plaintiff's motion should be granted in part and denied in part. The Court also determines that summary judgment should be granted in favor of Defendant Home Remedy Services, LLC under Rule 56(f)(1) of the Federal Rules of Civil Procedure.[1]

---

[1] Rule 56(f)(1) states that "[a]fter giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant." FED. R. CIV. P. 56(f)(1). On February 22, 2011, the Court issued an order notifying the parties that summary judgment may be appropriate for the nonmovant, Home Remedy, under Rule 56(f)(1). The Court instructed the parties to file supplemental briefings on the issue of whether Nautilus has a duty to defend. The parties submitted supplemental briefings, which the Court has considered in conjunction with Nautilus's motion for summary judgment and Home Remedy's response thereto.

# I. BACKGROUND

This case involves an insurance coverage dispute. Plaintiff Nautilus Insurance Company ("Nautilus") sued Defendant Home Remedy Services, LLC ("Home Remedy") seeking a declaration that Nautilus has no duty to defend or indemnify Home Remedy against the claims underlying this case.

## A. Underlying Claims

The claims underlying Nautilus's declaratory judgment action arose out of an explosion and fire that occurred on June 4, 2009 at 10303 Olympia Drive in Houston, Harris County Texas, a residential home belonging to Manuel and Yolanda Mones (collectively, the "Moneses"). The Moneses hired Home Remedy to perform renovations on their home. Home Remedy, in turn, subcontracted some or all of the work to Manuel Becerra ("Becerra") who then hired Alberto Cortinas ("Cortinas") as an employee or independent contractor and instructed him to perform work on the Moneses' home. During the course of the renovations, Cortinas was working on the Moneses' laundry-room cabinets when an explosion and fire erupted causing damage to the Moneses' home and the home of James Henry ("Henry"), the Moneses' neighbor. The fire and explosion also caused personal injury to Cortinas. Following this incident, three separate claims ensued.

First, on September 1, 2009, Henry's homeowners insurance carrier, United

Service Automobile Association ("USAA"), submitted a demand letter to Home Remedy seeking reimbursement.[2] USAA's demand letter states that USAA has reimbursed Henry for damages sustained to his home as a result of the incident and that USAA's investigation indicates Home Remedy is responsible for the loss.

Second, on October 20, 2009, the Moneses filed a lawsuit against Home Remedy, Becerra, and Cortinas in the 133rd Judicial District Court of Harris County, Texas. The Moneses assert a claim of negligence against all three defendants and claims for breach of implied warranty and breach of contract against Home Remedy alone. The Moneses allege that on June 4, 2009, Home Remedy, through its employees, commenced painting operations on their home without first checking for the existence of pilot lights in the vicinity, and therefore allowed fumes to build up and come in contact with an open pilot light, which caused an explosion destroying the Moneses' home.[3]

Third, on February 16, 2010, Cortinas filed a personal injury suit against Home Remedy in the 215th Judicial District Court of Harris County, Texas. Cortinas alleges that on June 4, 2009, he was "working for and/or under the direct control" of Home Remedy. He was painting a laundry room area, which had been prepped by

---

[2] Nautilus Exhibit No. 3 (USAA's demand letter for reimbursement).

[3] *Mones v. Home Remedy Services, LLC, et. al.*, Cause No. 2009-67896.

Home Remedy.  There was a sudden ignition caused by a boiler or hot water heater pilot light, which had not been extinguished.[4]

## B.    *The Insurance Policy*

Nautilus issued Home Remedy a general liability insurance policy with effective dates from January 16, 2009 to January 16, 2010 (the "Policy").  The Policy states that Nautilus "will have the right and duty to defend the insured against any 'suit' seeking [bodily injury or property] damages.  However, [Nautilus] will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."  The Policy also outlines a number of coverage exclusions, two of which Nautilus contends govern the outcome of this case.  The relevant portions of those two exclusions are as follows:

**EXCLUSION - INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND WORKERS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**    Exclusion **e. Employer's Liability** of **2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability** is **replaced** by the following:

This insurance does not apply to:
**e.    Employer's Liability**

---

[4] *Cortinas v. Home Remedy, L.L.C.*, Cause No. 2010-10253.

4

"Bodily injury" to:
(1) An "employee" of any insured arising out of and in the course of:
    (a) Employment by any insured; or
    (b) Performing duties related to the conduct of any insured's business; or

. . . .

This exclusion applies:
(1) Whether any insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

. . . .

C.    The definition of "employee" in the **Definitions** section is **replaced** by the following:

"Employee" is any person or persons who provides services directly or indirectly to any insured, regardless of whether the services are performed or where the "bodily injury" occurs including, but not limited to, . . . a contractor, a subcontractor, an independent contractor, and any person or persons hired by, loaned to, employed by, or contracted by any insured or any insured's contractor, subcontractor, or independent contractor.

. . . .

## CONDITIONAL EXCLUSION - CONTRACTORS SUBCONTRACTED WORK

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The Contractors - Subcontracted Work classification(s) shown in the Declarations applies to that portion of the operations performed for you by your "adequately insured" contractors and "adequately insured" subcontractors.

**B.** The following is **added** to **Section IV - Commercial General Liability Conditions:**

    **1.** As a condition of this insurance, coverage only applies to liability arising out of work performed for you by your "adequately insured" contractors or "adequately insured" subcontractors who:

        **a.** Have agreed in writing to hold harmless, defend, and indemnify you from all liability arising out of work performed by or on behalf of all such "adequately insured" contractors and "adequately insured" subcontractors; and

        **b.** Have agreed in writing to name you and all insureds as Additional Insured(s) on all Commercial General Liability policies of such "adequately insured" contractors and "adequately insured" subcontractors.

    **2.** You will obtain and maintain Certificates of Insurance from all contractors and subcontractors you hire providing evidence of **B.1.a.** and **B.1.b.** above.

**C.** The following exclusion is **added** to **2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability** and **Coverage B - Personal And Advertising Injury Liability:**

    **1.** This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of work performed by any contracts or subcontractors who:

        **a.** Are not "adequately insured"; and

        **b.** Have not agreed in writing to hold harmless, defend, and indemnify you; and

        **c.** Do not agree in writing to name you and all insureds as Additional Insured(s) on their Commercial General Liability policies.

**2.** This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" for work performed by any contractors or subcontractors unless such work is performed specifically and solely for you.

## C. *Procedural Background*

On October 28, 2009, Nautilus filed this suit for declaratory judgment contending that, under the Policy, it has no duty to defend or indemnify Home Remedy against any potential claims arising out of the June 4, 2009 explosion and fire. Nautilus now moves for summary judgment and contends that the two Policy exclusions, "Injury to Employees, Contractor, Volunteers and Workers" and "Contractors Subcontracted Work," foreclose its duty to defend or indemnify Home Remedy against Cortinas's claim for personal injury damages, the Moneses' claim for property damages, and USAA's claim for reimbursement. Home Remedy opposes summary judgment and moves the Court to deny Nautilus's motion.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine issue for trial. *See also* FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.

1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evidence that may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992).

### III. LAW & ANALYSIS

A. *Duty to Defend*

"In Texas, the insurer's duty to defend is governed by the 'eight corners rule,' which holds that the duty to defend is determined solely from the terms of the policy and the pleadings of the third-party claimant." *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469, 472 (5th Cir. 2009) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2005)). To invoke the duty to defend, all that is needed is "a plaintiff's factual allegations that potentially support a covered claim." *Id.* "If the underlying pleading alleges facts that may fall within the scope of coverage, the insurer has a duty to defend; if, on the other hand, the pleading only alleges facts excluded by the policy, there is no duty to defend." *Id.* (citing *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004)). The factual allegations in the underlying pleadings are considered without regard to their truth or falsity, and all doubts concerning the duty to defend are resolved in favor of the insured. *Northfield*, 363 F.3d 528; *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008).

Nautilus contends there are two distinct coverage issues to be decided. The first is whether Nautilus has a duty to defend Home Remedy against Cortinas's personal injury suit in light of the Policy's Injury to Employees, Contractors, Volunteers and Workers exclusion. The second is whether Nautilus has a duty to defend Home Remedy against all three claims in light of the Policy's Contractors Subcontracted Work exclusion. The Court will address each in turn.

1.    *Cortinas's Suit for Personal Injury Damages*

Nautilus contends the Policy's Injury to Employees, Contractors, Volunteers and Workers endorsement excludes coverage for Cortinas's injuries and therefore relieves Nautilus from its duty to defend against Cortinas's state-court suit. Home Remedy does not respond to this argument, and the Court construes Home Remedy's silence as a representation of no opposition. *See* S. D. TEX. LOCAL R. 7.4.

Applying the eight-corners rule, the Court's first task is to identify the relevant allegations contained within the four corners of Cortinas's state-court petition. There, Cortinas alleges he sustained bodily injury while "working for and/or under the direct control" of Home Remedy. Cortinas alleges he was painting a laundry room area that had supposedly been prepped by Home Remedy. There was a sudden igniting caused by a boiler or hot water heater pilot light, which had not been extinguished. Cortinas alleges Home Remedy, among other things, negligently failed to insure that the work

site was properly prepared for the work to be performed and that Home Remedy's negligence was the proximate result of Cortinas's personal injuries.

Having identified Cortinas's underlying allegations, the Court next must determine whether those allegations are excluded by the Policy's Injury to Employees, Contractors, Volunteers and Workers exclusion. According to that exclusion, coverage is specifically excluded for bodily injury to Home Remedy's employees, which arises out of and in the course of employment with Home Remedy or while performing duties related to Home Remedy's business. The Policy defines "employee" broadly as "any person or persons who provides services directly or indirectly to [Home Remedy] including, but not limited to, . . . a contractor, a subcontractor, an independent contractor, and any person or persons hired by, loaned to, employed by, or contracted by any insured or any insured's contractor, subcontractor, or independent contractor." Although Cortinas does not specifically use the term "employee" in his state-court petition when describing his relationship with Home Remedy, Cortinas's allegation that he was "working for and/or under the direct control" of Home Remedy is consistent with the Policy's broad definition of "employee." Therefore, based on the allegations contained within the four corners of Cortinas's state-court petition and the provisions contained within the four corners of the Policy's Injury to Employees, Contractors, Volunteers and Workers exclusion,

the Court determines Cortinas's alleged injuries are excluded by the Policy. Accordingly, as a matter of law, Nautilus has no duty to defend Home Remedy against Cortinas's state-court suit.

2. *All Three Claims*

Nautilus contends the Policy's Contractors Subcontracted Work endorsement imposes both a condition to coverage as well as an exclusion to coverage for all three claims and therefore relieves Nautilus from its duty to defend.[5] To determine whether the Contractors Subcontracted Work endorsement applies, Nautilus urges the Court to consider certain summary judgment evidence. This evidence demonstrates that Home Remedy subcontracted the work on the Moneses' home to Becerra,[6] who then

---

[5] **According** to the endorsement's condition to coverage, the Policy only applies to liability arising out of work performed for Home Remedy by its "adequately insured" contractors or "adequately insured" subcontractors who: (1) have agreed in writing to hold harmless, defend, and indemnify Home Remedy from all liability arising out of work performed by or on behalf of all such "adequately insured" contractors and "adequately insured" subcontractors; and (2) have agreed in writing to name Home Remedy and all insureds as additional insured on all Commercial General Liability policies of such "adequately insured" contractors and "adequately insured" subcontractors. According to the endorsement's exclusion of coverage, the Policy does not apply to "bodily injury" or "property damage" arising out of work performed by Home Remedy's contractors or subcontractors who: (1) are not adequately insured; (2) have not agreed in writing to hold harmless, defend, and indemnify Home Remedy; and (3) do not agree in writing to name Home Remedy and all insureds as additional insureds on their commercial general liability policies.

[6] Nautilus Exhibit No. 6 (Independent Contractor Agreement and Subcontractors Requirements entered into between Home Remedy and Becerra); Nautilus Exhibit No. 9 (affidavit of Lori Murphy, Attorney for Nautilus).

hired Cortinas, either as an **employee or independent contractor**, and instructed him to perform work on the Moneses' home. The evidence further demonstrates that Becerra did not carry any liability insurance, did not agree in writing to hold Home Remedy harmless from claims arising out of the his work, and did not agree in writing to name Home Reedy as an additional insured on the his general liability policy, which he did not have.[7] Nautilus argues that because Becerra and Cortinas maintained a contractor-subcontractor relationship with Home Remedy, and because Becerra was not adequately insured, the Contractors Subcontracted Work endorsement applies to preclude coverage for all three claims.

In response, Home Remedy objects to Nautilus's summary judgment evidence. Home Remedy contends that under Texas's eight-corners rule, courts may not consider extrinsic evidence when determining insurance coverage issues and whether an insurer has a duty to defend. Home Remedy states that although the Fifth Circuit has recognized an exception to the eight-corners rule, which permits consideration of extrinsic evidence in certain circumstances, Home Remedy contends those circumstances are limited and not present in this case.

Focusing on the Moneses's underlying suit, Home Remedy contends that the

---

[7] Nautilus Exhibit No. 5 (Home Remedy's Objections and Answers to Nautilus's First Set of Interrogatories); Nautilus Exhibit No. 10 (Home Remedy's Objection and Responses to Nautilus's First Request for Production).

allegations contained within the four corners of the Moneses' state-court petition are sufficient to enable the Court to determine whether coverage exists without resorting to the Fifth Circuit's limited exception.[8] Home Remedy argues that it is clear from the Moneses' state-court petition that Becerra and Cortinas were Home Remedy's employees. Additionally, Home Remedy argues that the Moneses' state-court petition contains no language that is consistent with the description of Home Remedy, Becerra, and Cortinas having a contractor-subcontractor relationship. Therefore, Home Remedy contends that because it is clear from the Moneses's state-court petition that Becerra and Cortinas were Home Remedy's employees, and not contractors or subcontractors, the Contractors Subcontracted Work endorsement does not apply.

Although the question of whether an insurer has a duty to defend under Texas law is governed by the eight-corners rule, the Fifth Circuit has indeed recognized a limited exception to this rule. This exception states that a court may consider extrinsic evidence where "'it is initially impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental

---

[8] Home Remedy does not respond to whether the Contractors Subcontracted Work endorsement precludes coverage to USAA's reimbursement claim. Additionally, although Home Remedy generically asserts that the Contractors Subcontracted Work endorsement does not apply to Cortinas's personal injury suit, the Court does not address this argument as the Court has already determined Cortinas's claim is excluded under the Injury to Employees, Contractor, Volunteers and Workers exclusion.

issue of coverage which does not overlap with the merits of or engage the truth of falsity of any facts alleged in the underlying case.'" *Ooida*, 579 F.3d at 472 (quoting *Northfield*, 363 F.3d at 531 and recognizing that in *GuideOne*, 197 S.W.3d at 308–09, the Supreme Court of Texas cited *Northfield*'s language with approval) (emphasis added). The Court has considered the application of this exception in the context of all three underlying claims and finds that it does not apply.

### a. *The Moneses' suit for property damages*

The issue of whether the allegations in the Moneses' underlying claim potentially implicate coverage under the Policy is not impossible to discern. To the contrary, whether the Moneses' allegations potentially support a covered claim is readily ascertainable from within the four corners of the Moneses' state-court petition and within the provisions of the Contractors Subcontracted Work endorsement. According to their First Amended Petition, the Moneses specifically allege that Becerra and Cortinas were Home Remedy's employees. The Moneses further allege that Home Remedy is directly liable in negligence and is also laible in negligence under the doctrine of respondeat superior for the neglignece of its employees, Becerra and Cortinas.

The Contractors Subcontracted Work's condition to coverage provision states that the Policy only applies to liability arising out of work performed for Home

Remedy by its "adequately insured" contractors or "adequately insured" subcontractors who: (1) have agreed in writing to hold harmless, defend, and indemnify Home Remedy from all liability arising out of work performed by or on behalf of all such "adequately insured" contractors and "adequately insured" subcontractors; and (2) have agreed in writing to name Home Remedy and all insureds as additional insured on all Commercial General Liability policies of such "adequately insured" contractors and "adequately insured" subcontractors. Additionally, the Contractors Subcontracted Work exclusion to coverage states that coverage does not apply to "bodily injury" or "property damage" arising out of work performed by Home Remedy's contractors or subcontractors who: (1) are not adequately insured; (2) have not agreed in writing to hold harmless, defend, and indemnify Home Remedy; and (3) do not agree in writing to name Home Remedy and all insureds as additional insureds on their commercial general liability policies. In order for either the condition to coverage or the exclusion to coverage to apply, Becerra and Cortinas would have to be contractors or subcontractors. Nothing in the Moneses' state-court petition suggests that Becerra or Cortines were anything but Home Remedy's employees. Moreover, consideration of Nautilus's extrinsic evidence would necessarily engage the truth or falsity of the Moneses allegations that Becerra and Cortinas are were Home Remedy's employees, which cuts against the use

of the Fifth Circuit's limited exception. Therefore, the Court finds the exception to the eight-corners rule does not apply, and the Moneses' allegations are not excluded by the Contractors Subcontracted Work exclusion. Accordingly, as a matter of law, Nautilus has a duty to defend Home Remedy against the Moneses' allegations.

### b. *Cortinas's suit for personal injury damages*

Having already determined that Cortinas's claim for personal injury damages is excluded under the Policy's Injury to Employees, Contractors, Volunteers and Workers exclusion, thereby relieving Nautilus from its duty to defend against that claim, it is unnecessary for the Court to resolve Nautilus's arguments with respect to whether the Policy's Contractors Subcontracted Work endorsement also precludes coverage to Cortinas's suit for personal injury damages.

### c. *USAA's claim for reimbursement*

USAA has submitted to Home Remedy an informal demand for reimbursement. Because this informal demand has not materialized into a formal lawsuit, Nautilus's duty to defend has not been invoked. Absent a third-party complaint, there are no allegations to consider in determining whether Nautilus has a duty to defend according to Texas's eight-corners rule. Therefore, the Court determines that

Nautilus's has no duty to defend against USAA's claim for reimbursement.[9]

*B.     Duty to Indemnify*

The duty to defend and the duty to indemnify are governed by different standards. Unlike the duty to defend, which is governed by the eight-corners rule, an insurer's duty to indemnify is determined by the "actual facts" uncovered in the underlying claims. *Ooida*, 579 F.3d at 472. Thus, an insurer's duty to indemnify ordinarily cannot be resolved until after the conclusion of the underlying claims. *Id.* However, the duty to indemnify may be resolved at the summary judgment stage when "the insure has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).

With respect to Cortinas's claim for personal injury damages, the Court has determined Nautilus has no duty to defend because Cortinas's claim is excluded by the Policy's Injury to Employees, Contractors, Volunteers and Workers exclusion. Based on the breadth of this exclusion and Cortinas's allegations, the Court finds that it is impossible for any set of conceivable facts to be developed in Cortina's underlying suit that would transform him into a person that falls outside the Policy's

---

[9] The Court notes that neither side has briefed how the eight-corners rule applies in the context of an informal demand for reimbursement.

definition of "employee," thereby rendering the exclusion inapplicable. Thus, there is no possibility that Nautilus will have a duty to indemnify Home Remedy against Cortinas's claim. *See D.R. Horton-Tex., Ltd. v. Markel Intern. Ins. Co., Ltd.*, 300 S.W.3d 740, 745 (Tex. 2009).

With respect to the Moneses' claim for property damage, the Court has determined that Nautilus has a duty to defend Home Remedy. Because Nautilus's duty to defend is not negated, the duty to indemnify can only be resolved after the conclusion of the Moneses' underlying suit, which has not yet concluded. Therefore, the Court stays this portion of Nautilus's declaratory judgment action until the conclusion of the Moneses' suit.

With respect to USAA's informal demand for reimbursement, the Court has determined that Nautilus has no duty to defend. Absent a formal lawsuit, which may or may not invoke Nautilus's duty to defend and perhaps its duty to indemnify, the Court determines that there can be no possibility that Nautilus will ultimately have a duty to indemnify.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

ORDERS that Plaintiff Nautilus Insurance Company's Motion for Summary Judgment (Document No. 16) is GRANTED IN PART and DENIED IN PART. The

Court further

ORDERS that Nautilus's motion for summary judgment is GRANTED with respect to Alberto Cortinas's claim for personal injury filed in the 215th Judicial District Court of Harris County, Texas and styled *Cortinas v. Home Remedy, L.L.C.*, Cause No. 2010-10253, and that Nautilus has no duty to defend or indemnify against that claim. The Court further

ORDERS that Nautilus's motion for summary judgment is GRANTED with respect to United Service Automobile Association's informal demand letter for reimbursement, and that Nautilus has no duty to defend or indemnify against that claim. The Court further

ORDERS that Nautilus's motion for summary judgment is DENIED with respect to Manuel and Yolanda Mones's claim for property damage filed in the 133rd Judicial District Court of Harris County, Texas and styled, *Mones v. Home Remedy Services, LLC, et. al.*, Cause No. 2009-67896. The Court further

ORDERS that summary judgment is granted in favor of Home Remedy Services, LLC under Rule 56(f)(1) of the Federal Rules of Civil Procedure, and that Nautilus has a duty to defend Home Remedy against Manuel and Yolanda Mones's claim for property damage filed in the 133rd Judicial District Court of Harris County, Texas and styled, *Mones v. Home Remedy Services, LLC, et. al.*, Cause No. 2009-

67896. The Court further

ORDERS that Nautilus's duty to indemnify Home Remedy against Manuel and Yolanda Mones's claim for property damage cannot be determined at this time and that this portion of Nautilus's declaratory judgment action is ADMINISTRATIVELY CLOSED until the conclusion of the Moneses' underlying suit, at which time, either side may move to reopen this case for a determination on Nautilus's duty to indemnify.

SIGNED at Houston, Texas, on this **31** day of **May, 2011.**

DAVID HITTNER
United States District Judge